Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Aaser Wasfy

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Aaser Wasfy**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Desert Sands Restaurant Group, LLC d/b/a Flavors of Louisiana,** an Arizona corporation; and **Richard Hillstead,** an Arizona resident; | |
| | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Aaser Wasfy, for his Verified Complaint against Defendants, hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely and reasonable payment of wages under A.R.S. §§ 23-351, 23-

353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Aaser Wasfy resided in the District of Arizona.

8. Plaintiff was a full-time, non-exempt employee of Defendants from in or around October 2017 until on or about November 24, 2017.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350, and was a non-exempt

employee under 29 C.R.F. §213(a)(1).

10. Defendant Desert Sands Restaurant Group, LLC d/b/a Flavors of Louisiana is a LLC, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

11. Defendant Richard Hillstead is an Arizona resident. He has directly caused events to take place giving rise to this action. Richard Hillstead was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

12. Under the FLSA, Defendant Richard Hillstead is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Richard Hillstead determined the method and rate of Plaintiff's payment of wages. As person who acted in the interest of the previously identified corporate entity in relation to the company's employees Richard Hillstead is subject to individual and personal liability under the FLSA.

13. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is

greater than $500,000.

**FACTUAL ALLEGATIONS**

17. Defendant Desert Sands Restaurant Group, LLC d/b/a Flavors of Louisiana is a restaurant specializing in Cajun cuisine.

18. On or about October 12, 2017, Plaintiff commenced employment with Defendants as a kitchen manager.

19. As kitchen manager, Plaintiff's primary job duties included the scheduling and management of all kitchen staff.

20. At the commencement of Plaintiff's employment, Plaintiff and Defendants agreed to compensation in the amount of $800.00 per week.

21. As of November 18, 2017 Plaintiff had not received any payment of wages for the previous six weeks he had been employed by Defendants.

22. On or about November 18, 2017 Plaintiff was terminated for inquiring about his owed wages.

23. On or about November 27, 2017 Plaintiff received a check from Defendants in the amount of $566.65 for the six weeks he was employed by Defendants.

24. Plaintiff did not make at least $455 per week and therefore does not qualify as an exempt employee because of the salary-basis test.

25. Accordingly, between October 12, 2017 and November 18, 2017 Plaintiff was paid at a rate of $2.36 per hour.

26. At all relevant times, Defendants failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

27. Defendants refused and/or failed to properly disclose or apprise Plaintiff of

his rights under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

28. Defendants willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Minimum Wage Statute.

29. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

30. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

31. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

32. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

33. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

34. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

35. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

36. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

37. Defendants have not made a good faith effort to comply with the FLSA.

38. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

39. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

41. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

42. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

43. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

45. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

48. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona

Wage Statute, in an amount to be determined at trial;

C. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 15, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Aaser Wasfy

## VERIFICATION

Plaintiff Aaser Wasfy declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Aaser Wasfy